UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

ERIK PASTORI & MICHAEL FERRAN,

         Plaintiffs,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER CARL
VIGGIANO, tax # 945081, POLICE OFFICER BRUNO
POMPONIO, tax # 947366, POLICE OFFICERS JOHN
AND JANE DOES 1-10,

         Defendants.

-------------------------------------------------------------- x

**COMPLAINT**

CV11-5508

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.  This case involves two examples of the New York City Police Department's policy, practice or custom of targeting licensed tow truck drivers who are conducting business in a lawful manner. Plaintiff Pastori brings this civil rights action against the City of New York and several New York City Police Officers of the 120th Precinct in Staten Island alleging that, on January 25, 2011, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him. Plaintiff Ferran brings this civil rights action against the City of New York and several New York City Police Officers of the 62nd Precinct in Brooklyn alleging that, on June 15, 2011, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using unreasonable force on him and denying him a fair trial. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff Pastori's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the dismissal of the criminal charges, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff Pastori's state law claims.

7. With respect to plaintiff Ferran's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff Ferran, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff Ferran's state law claims.

8. Plaintiffs' state law claims brought against the individual defendant police officers do not require a notice claim because the claims allege intentional conduct. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## PARTIES

9. Plaintiffs are United States citizens and are licensed to drive and operate a tow trucks in the City of New York.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

A. **Erik Pastori**

12. On January 25, 2011, at approximately 4:00 p.m., at 160 Richmond Terrace in Staten Island, plaintiff Pastori, who is licensed to drive and operate a tow truck in the

3

City of New York, was falsely arrested by defendant Viggiano and other officers of the 120 Precinct after, pursuant to orders from his former employer County Recovery, he lawfully attempted to tow Police Officer Rudy Anzalone's car which was parked illegally in a private lot.

13. The defendants, acting in concert, handcuffed plaintiff excessively tight, causing pain and bruising.

14. Defendants denied plaintiff's requests to loosen the cuffs.

15. Plaintiff was taken to the 120th Precinct.

16. In the precinct, defendant Viggiano, with the knowledge and approval of the other defendants, falsely charged plaintiff with grand larceny and other crimes.

17. The aforesaid allegations were false and were asserted so that plaintiff would be prosecuted for crimes he did not commit and so defendants could earn overtime compensation and enhance their arrest records.

18. While plaintiff was incarcerated, defendant Viggiano, with the knowledge and approval of the other defendants, misrepresented to the Richmond County District Attorney's Office that plaintiff had committed grand larceny and other crimes.

19. As a result of this misrepresentation, criminal proceedings were instituted against plaintiff.

20. Plaintiff was arraigned in Criminal Court approximately 24 hours after his arrest and released on his own recognizance.

21. Plaintiff hired a defense attorney at a cost of $6,000.

22. Plaintiff went to court numerous times after his arraignment.

23. The District Attorney's Office dismissed the criminal charges on August 12, 2011.

4

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, humiliation, pain and physical injuries, and financial loss.

**B. Michael Ferran**

25. On June 15, 2011, at approximately 6:00 p.m., in the vicinity of Shore Parkway and Bay Parkway in Brooklyn, plaintiff Ferran, who is licensed to drive and operate a tow truck in the City of New York, was falsely arrested by defendant Pomponio and other officers of the 62nd Precinct after, pursuant to orders from his former employer Fastway Towing, he lawfully attempted to tow a car which was parked illegally in a private lot.

26. The defendants, acting in concert, handcuffed plaintiff excessively tight, causing pain and bruising.

27. Defendants denied plaintiff's requests to loosen the cuffs.

28. Plaintiff was taken to the 62nd Precinct.

29. In the precinct, defendant Pomponio, with the knowledge and approval of the other defendants, falsely charged plaintiff with petit larceny and unauthorized use of a vehicle.

30. The aforesaid allegations were false and were asserted so that plaintiff would be prosecuted for crimes he did not commit and so defendants could earn overtime compensation and enhance their arrest records.

31. While plaintiff was incarcerated in Brooklyn Central Booking under horrible conditions, defendant Pomponio, with the knowledge and approval of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff had committed petit larceny and unauthorized use of a vehicle.

5

32. As a result of this misrepresentation, criminal proceedings were instituted against plaintiff.

33. Plaintiff was arraigned in Criminal Court approximately 24 hours after his arrest and released on his own recognizance.

34. Plaintiff hired a defense attorney at a cost of $3,000.

35. Plaintiff went to court one time after his arraignment.

36. The District Attorney's Office offered plaintiff an adjournment in contemplation of dismissal on July 28, 2011, which plaintiff accepted.

37. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, humiliation, pain and physical injuries, and financial loss.

## FIRST CLAIM

### (FALSE ARREST)

38. Plaintiffs repeat the foregoing allegations.

39. At all relevant times, plaintiffs did not commit a crime or violation.

40. Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

41. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

42. Plaintiffs repeat the foregoing allegations.

6

43. Defendants' use of force upon plaintiffs or their failure to intervene to prevent the use of force on them was objectively unreasonable and caused plaintiffs pain and injury.

44. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for using unreasonable force.

### THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

45. Plaintiffs repeat the foregoing allegations.

46. Defendants misrepresented to prosecutors that plaintiffs had committed a crime.

47. Defendants' misrepresentations deprived plaintiffs of liberty in that they were required to make court appearances after the misrepresentations were made.

48. Accordingly, the defendants are liable to plaintiffs under the Sixth Amendment for denying plaintiffs a fair trial.

### FOURTH CLAIM

### (MALICIOUS PROSECUTION)

49. Plaintiffs repeat the foregoing allegations.

50. Defendants maliciously misrepresented to the Richmond County District Attorney's Office that plaintiff Pastori had committed a crime and commenced a criminal case against him.

51. Defendants' motivation was to have plaintiff Pastori prosecuted for crimes he did not commit, to obtain overtime compensation and to increase their arrest numbers.

7

52. Defendants' misrepresentations deprived plaintiff Pastori of liberty in that he was required to make court appearances after his arraignment.

53. The criminal case filed against plaintiff Pastori was ultimately dismissed.

54. Accordingly, the defendants are liable to plaintiff Pastori under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

55. Plaintiffs repeat the foregoing allegations.

56. Each defendant had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they each failed to intervene to protect plaintiffs.

57. Accordingly, the defendants are liable to plaintiffs under the Constitution for not intervening to prevent the violation of plaintiffs' federal rights.

## SIXTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

58. Plaintiffs repeat the foregoing allegations.

59. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

60. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

61. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

8

62. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

63. For example, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

64. Moreover, in 2011, former NYPD narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

65. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

66. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

67. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

68. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

9

## SEVENTH CLAIM

## (FALSE ARREST UNDER STATE LAW)

69. Plaintiffs repeat the foregoing allegations.

70. At all relevant times, plaintiffs did not commit a crime or violation.

71. Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

72. Accordingly, the defendants are liable to plaintiffs under New York state law for false arrest.

## EIGHTH CLAIM

## (ASSAULT)

73. Plaintiffs repeat the foregoing allegations.

74. Defendants' tight handcuffing and searches of plaintiffs placed them in fear of imminent harmful and offensive physical contacts which injured them.

75. Accordingly, the defendants are liable to plaintiffs under New York state law for assault.

## NINTH CLAIM

## (BATTERY)

76. Plaintiffs repeat the foregoing allegations.

77. Defendants' tight handcuffing and searches of plaintiffs were offensive and nonconsensual physical contacts which injured them.

78. Accordingly, the defendants are liable to plaintiffs under New York state law for battery.

## TENTH CLAIM

## (MALICIOUS PROSECUTION)

79. Plaintiffs repeat the foregoing allegations.

80. Defendants maliciously misrepresented to the Richmond County District Attorney's Office that plaintiff Pastori had committed a crime and commenced a criminal case against him.

81. Defendants' motivation was to have plaintiff Pastori prosecuted for crimes he did not commit, to obtain overtime compensation and to increase their arrest numbers.

82. The criminal case filed against plaintiff Pastori was ultimately dismissed.

83. Accordingly, the defendants are liable to plaintiff Pastori under the New York state law for malicious prosecution.

## ELEVENTH CLAIM

## (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

84. Plaintiffs repeat the foregoing allegations.

85. The individual defendants were acting within the scope of their employment as members of the NYPD when they maliciously prosecuted plaintiff Pastori.

86. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiff Ferran.

87. Accordingly, the City of New York is vicariously liable to plaintiff Pastori under New York state law for malicious prosecution and to plaintiff Ferran for false arrest, assault and battery.

11

WHEREFORE, plaintiffs demand the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    November 10, 2011

                                  RICHARD CARDINALE
                                  Attorney at Law
                                  26 Court Street, Suite # 1815
                                  Brooklyn, New York 11242
                                  (718) 624-9391